## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

_____

Gregory Winskowski,

        Plaintiff,

v.                                    **MEMORANDUM OF LAW & ORDER**
                                     Civil File No. 02-4082 (MJD/RLE)

City of Stephen, a municipal
corporation,

        Defendant.

_____

Marshall H. Tanick, Mansfield, Tanick & Cohen, Counsel for Plaintiff.

Julie Fleming-Wolfe, Counsel for Defendant.

_____

## I.    INTRODUCTION

This matter is before the Court on Plaintiff's post-trial motion a new trial and an award of reasonable attorney's fees and costs.

## II.    BACKGROUND

This case involved two theories of liability: 1) whether Plaintiff was entitled to a due process hearing providing him with notice of the reasons for his termination and an opportunity to be heard prior to his termination; and 2) whether Plaintiff had a liberty interest which entitled him to a "name-clearing" hearing regarding statements made about him.  The jury returned a verdict in favor of Plaintiff on the

liberty interest claim.  The jury found in favor of the City with regard to the claim that Plaintiff was denied a due process hearing to challenge his termination, finding that he was an at-will employee.

## III.   DISCUSSION

### A.   Whether Plaintiff is Entitled to a New Trial on the At-Will Employment Issue

Plaintiff seeks a new trial under Fed. R. Civ. P. 59 on the grounds that the jury was erroneously instructed regarding the definition of "at-will" employment in Jury Instruction No. 12.  The jury was instructed as follows:

> The Fourteenth Amendment to the United States Constitution prohibits a municipal corporation, such as the City of Stephen, from depriving any person of property without due process of law.  Employment can be property within the meaning of this constitutional protection.  If Winskowski had an employment contract with the City of Stephen, that contract is property within the meaning of the Constitution.  However, if Winskowski was employed "at-will," he had no property interest in his employment.  *In Minnesota, employment is "at-will" unless the employment is for a fixed term or unless an employee handbook/work rules contains express provisions against termination except for cause.*

Id. (emphasis added).

Plaintiff first argues that this instruction was erroneous because the jury should have been instructed that a public sector employee has a right to a hearing if he is terminated for performance reasons.  For this proposition, Plaintiff cites Hartman v. City of Providence, 636 F. Supp. 1395 (D.R.I. 1986); Conroy v. City of Chicago, 708 F. Supp. 927, 944 (N.D. Ill. 1989); and Ryman v. Reichert, 604 F. Supp. 467, 469

(S.D. Ohio 1985).

In <u>Hartman</u>, the court recognized that a city charter which gave an employee a property interest in her employment did not grant her a legitimate claim of entitlement to the position in perpetuity.  636 F. Supp. at 1408.  "[A]t best, it gave her a property interest in the job so long as the job existed."  <u>Id.</u>  The court cited with approval a number of cases that held a public employee who loses his or her job is not entitled to a hearing, even if he or she ordinarily could be dismissed only for cause, when the position is abolished pursuant to a bona fide government reorganization. <u>Id.</u> at 1410; <u>see</u> <u>also</u> <u>Ryman</u>, 605 F. Supp. at 468 (holding that township's abolition of position, with the result that plaintiff's employment was terminated, did not deprive plaintiff of constitutionally protected property interest in her employment, where a position was abolished in good faith and not as subterfuge to get rid of a particular employee); <u>Conroy</u>, 708 F. Supp. at 944 (stating that the "reorganization exception" defeats a plaintiff's due process claim unless the reorganization was simply a sham or a pretext for a layoff).

Thus, the cause of termination, does not, in and of itself, create a property interest.  The Court agrees with the City that the jury instruction correctly required Plaintiff to prove he had a protected property interest in his employment, as determined by whether or not he was "at-will," and then, if he did have a property interest, allowing Plaintiff to recover if there was no bona fide reorganization.  <u>See</u>

Jury Instruction No. 14.

Plaintiff next argues that the jury should have been instructed that employment is not "at-will" if an employment manual, or work rules, includes a process for challenging termination.  Plaintiff renews his argument made during the charge conference that the statement in the City's Employee Work Rules that "any employee may request a confidential hearing with the council to air any grievance" is sufficient to give an employee a property interest in employment.  Therefore, Plaintiff contends this should have been included in the definition of "at will" employment provided to the jury.  The Court rejects this argument.

Courts must look to state law to determine whether an employee has a protected property interest in continued employment or whether employment is at-will.  See Bishop v. Wood, 426 U.S. 341, 344-45 (1976).  Plaintiff contends that in Pine River State Bank v. Mettille, 333 N.W.2d 622 (Minn. 1983), the court ruled that because a process existed to challenge employment discipline, the employee was not an at-will employee.  Plaintiff argues that like the otherwise at-will bank teller in Pine River, whose employer had a manual that provided a process for job discipline, Winskowski was not an at-will employee because he also had a mechanism for challenging job termination.

Conversely, the City correctly maintains that in Minnesota, employment is at-will unless the employment is for a fixed term or unless an employee handbook

CASE 0:02-cv-04082-MJD-RLE   Document 85   Filed 05/12/05   Page 5 of 12
contains express provisions against termination except for cause.  <u>See</u> <u>Pine River</u>, 333

N.W.2d at 626-27; <u>see also</u> <u>Cederstrand v. Lutheran Brotherhood</u>, 263 N.W.2d 213,

221 (Minn. 1962).   The City argues that only "explicit mandatory language

comprising specific directives to the decision maker that if the regulations'

subsequent predicate acts are present, a particular outcome must follow" creates a

property interest in employment.   <u>Hyland v. Metropolitan Airports Commission</u>, 884

F. Supp. 334, 337 (D. Minn. 1995).   Therefore, the City contends that because the

language in the Work Rules does not provide that the City must continue to employ

any particular individual as long as certain conditions are met, the work rules do not

create a protectable property interest.

This Court finds that Jury Instruction No. 12 was a proper statement of

Minnesota law regarding at-will employment.   It agrees with the City that Plaintiff's

argument that Instruction No. 12 was contrary to <u>Pine River</u> is based on a misreading

of that case and Minnesota law on at-will employment.

The Eighth Circuit, in <u>Ewald v. Wal-Mart Stores, Inc.</u>, 139 F.3d 619, 622 (8th

Cir. 1998), interpreted <u>Pine River</u> in its definition of at-will employment:

> In Minnesota, employment for an indefinite term is terminable at will.
> <u>See</u> <u>Cedarstrand v. Lutheran Bhd.</u>, 263 Minn. 520, 117 N.W.2d 213, 221
> (1962).   However, written employment policies can create unilateral
> contracts, requiring discharge to be in good faith or for just cause.   <u>Pine</u>
> <u>River State Bank v. Mettille</u>, 333 N.W.2d 622, 626-27 (Minn. 1983).

<u>Id.</u>  As the city points out, simply allowing an employee to "air any grievance," as the

City's Work Rules provide, does not place any substantive limit on the allowable reasons or process for termination.

The issue in <u>Pine River</u> is whether a handbook, distributed after employment begins, can become part of an employee's employment contract and whether the job security provisions in the handbook are enforceable when the contract is of indefinite duration.  <u>Pine River</u>, 333 N.W.2d at 625.  The Minnesota Supreme Court held that the handbook provisions may become enforceable as part of the original employment contract if they meet the requirements for formation of a unilateral contract.  <u>Id.</u> at 626.

Furthermore, the job security provision in <u>Pine River</u> was also more than a statement simply allowing employees to "air any grievance."  The section provides for a three-stage procedure which provides for discharge only "for an employee whose conduct does not improve as a result of the previous action taken."  <u>Id.</u>  The section concludes with the following sentence: "In no instance will a person be discharged from employment without a review of the facts by the Executive Officer."  <u>Id.</u>

The Eighth Circuit, in <u>Hogue v. Clinton</u>, 791 F.2d 1318, 1324 (8th Cir. 1986) addressed the issue of whether grievance procedures alone create a property interest. The court held that "[g]rievance procedures that do not establish any grounds upon which termination must be based do not in themselves create a property interest in employment."  <u>See also</u> <u>id.</u> at n.10 ("That an employee can expect review upon

termination does not in itself create a legitimate expectancy of continued employment.").

In addition, a recent, unpublished decision from the Minnesota Court of Appeals also recognizes that more than the existence of a grievance procedure is necessary to give an employee a property interest in his or her employment under Minnesota law.  In Peisch v. City of Pequot Lakes, 2004 WL 1834152 (Minn. Ct. App. Aug. 17, 2004), a former city employee argued that because the city provides for a progressive disciplinary procedure, she had a constitutionally protected property interest in her continued employment with the city.  Id. at *2.  The court recognized that:

> While Minnesota has not directly addressed whether a grievance procedure or progressive-discipline policy creates a property interest, the federal courts have almost uniformly held "[g]rievance procedures that do not establish any grounds upon which termination must be based do not in themselves create a property interest in employment."

Id. at *3 (citing Hogue, 791 F.2d at 1324)).

The Peisch Court held that because the City's Personnel Ordinance did not actually state that an employee can only be terminated for cause, it did not create an entitlement in the employee's job, but merely an expectation of a warning before termination.  Id.  Thus, the employee was an at-will employee and was not entitled to a due process hearing.

Based on a review of the Pine River decision and more recent case law

7

addressing the at-will employment issue, this Court finds that Instruction No. 12 was not an erroneous statement of Minnesota law. The Defendant's motion for a new trial based on the at-will employment issue is therefore denied.

### B.    Plaintiff's Request for Attorney's Fees and Costs

A prevailing party in a 42 U.S.C. § 1983 case is entitled to an award of reasonable attorney's fees and costs under 42 U.S.C. § 1988. A prevailing party is defined as a party who succeeds "on any significant issue in a litigation which achieves some of the benefits the parties sought in bringing the suit." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Plaintiff claims he is entitled to $77,813.67 in attorney's fees and costs under § 1988.

The Supreme Court set forth the following factors that should be considered by a court in determining the fee amount under § 1988: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." Id. at 430 n.3 (citations omitted)

8

The burden of establishing an entitlement to a fee award and documenting the appropriate hours expended and the hourly rates lies with the plaintiff.  Ryther v. KARE 11, 864 F. Supp. 1525, 1532 (D. Minn. 1994)

There is no precise formula for determining a reasonable fee.  In Hensley, the Supreme Court provided that the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.  Hensley, 461 U.S. at 433.

In Hensley, the Supreme Court further held that the extent of a plaintiff's success is a "crucial factor" in determining the proper amount of an award of attorney's fees.  The Court held that:

> Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee. Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised.  But where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained.

Id. at 440.

Plaintiff claims that he has incurred attorney's fees and costs in the total amount of $77,813.67.  This amount consists of fees of $67,704.17 through February 21, 2005 and additional attorney's fees for post-trial motions in the amount of $10,109.50.

Plaintiff argues that the <u>Hensley</u> factors weigh in favor of a fee award in the full amount.  Noting that a "critical factor" is the extent of a plaintiff's success," <u>Hensley</u>, 461 U.S. at 440, Plaintiff argues that the $125,001 award he received was substantial and represents approximately 2/3 of the pre-trial settlement demand made by Plaintiff.

Plaintiff contends that the fact that he did not prevail on one of his claims should not detract from the fee award.  He claims that the fee award is to be determined by the totality of success in a case, not by the number of claims on which Plaintiff did or did not prevail.  Plaintiff relies on <u>Hensley</u>, 461 U.S. at 435 ("Where a Plaintiff has obtained excellent results, his attorney should recover a full compensatory fee . . . .  In these circumstances the fee award should not be reduced simply because the Plaintiff failed to prevail on every contention raised in the lawsuit."); <u>see also</u> <u>Salitros v. Chrysler Corp</u>., 306 F.3d 562, 576 (8th Cir. 2002) (concluding that "the claims shared a common core of facts and therefore the fees should not be reduced for failure to prevail on every theory").

The City on, the other hand, contends that the <u>Hensley</u> factors weigh in favor of reducing the fee award in this case.  It argues that the skill necessary to perform the work was not extraordinary and that Plaintiff's counsel was not precluded from other employment while representing Plaintiff in this case.

Further, the City argues that since Plaintiff failed to take into account his lack

of success on one claim by eliminating unwarranted fees, the district court may either

attempt to identify and eliminate hours spent on non-compensable claims or simply

reduce the award to account for Plaintiff's limited success.  See, e.g., Hensley, 461

U.S. at 436-37; H.J. Inc. v. Flygt Corp., 925 F.2d 257, 260 (8th Cir. 1991).  The City

also relies on Standley v. Chilhowee R-IV School District, 5 F.3d 319, 324 (8th Cir.

1993), which stated:

> If . . . a plaintiff has achieved only partial or limited success, the product
> of hours reasonably expended on the litigation as a whole times a
> reasonable hourly rate may be an excessive amount.  This will be true
> even where the plaintiff's claims were interrelated, non-frivolous, and
> raised in good faith.

Id. (citation omitted).

There are several cases in which the court has reduced the attorney's fees

requested on the basis of a plaintiff's partial success.  See, e.g., Standley, 5 F.3d at 324

(affirming the district court's reduction of the overall fee request by 70% because of

the plaintiff's limited success at trial and on appeal); Ryther, 864 F. Supp. at 1532-33

(concluding that the attorney's fee award should be apportioned between the

successful and unsuccessful claims and ultimately reduced the award by 10% because

the unsuccessful defamation claim was distinct from the successful discrimination

claims).

In this case, while Plaintiff's damage award was significant, he failed to prevail

on one of his two theories of liability in this case.  The unprevailing claim that his

procedural due process rights were violated by depriving him of his property interest in continued employment was substantial and heavily litigated. The unsuccessful claim was also factually and legally distinct from the successful liberty interest claim. The Court finds that under Hensley, Plaintiff's requested attorney's fees should be reduced to reflect Plaintiff's limited success at trial.

Thus, the requested amount will be reduced by 30% in order to reflect Plaintiff's failure to prevail on the due process hearing claim. In sum, this Court finds that a proper application of the Hensley factors should result in a reasonable attorney's fee award of $54,469.57, rather than the $77,813.67 requested by Plaintiff.

**IT IS HEREBY ORDERED** that:

Plaintiff Gregory Winskowski's Motion for a New Trial and Attorneys Fees [Docket No. 66] is **GRANTED IN PART** and **DENIED IN PART** as follows:

1.  Plaintiff's Motion for a New Trial is **DENIED**; and

2.  Plaintiff's Motion for Attorney's Fees and Costs is **GRANTED IN PART**, with the following modification:

    Plaintiff's requested attorney's fees and costs are reduced by 30% for a total award of attorney's fees and costs of $54,469.57.

Dated:  May 12, 2005

s/ Michael J. Davis
Judge Michael J. Davis
United States District Court

12