UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

Gregory Winskowski,

       Plaintiff,

v.                            **MEMORANDUM OF LAW & ORDER**
                                Civil File No. 02-4082 (MJD/RLE)

City of Stephen, a municipal
corporation,

       Defendant.
_____

Marshall H. Tanick, Mansfield, Tanick & Cohen, Counsel for Plaintiff.

Julie Fleming-Wolfe, Counsel for Defendant.
_____

## I. INTRODUCTION

This matter is before the Court on Defendant City of Steven's post-trial motion for judgment as a matter of law or in the alternative for a new trial. For the reasons that follow, the Court denies Defendant's motion.

## II. BACKGROUND

The jury returned a verdict in this case on February 11, 2005. The jury returned its verdict in the City's favor with regard to Plaintiff's claim that he was denied a due process hearing to challenge his termination, finding that Plaintiff was an at-will employee. The jury returned a verdict for the Plaintiff on the liberty

1

interest claim. It found that the Plaintiff was entitled to a name-clearing hearing, that he did not receive one, and that his failure to receive a name-clearing hearing resulted in damages in the amount of $125,001.

## III.   DISCUSSION

### A.   Legal Standard

In a motion for judgment as a matter of law, the question is whether there is sufficient evidence to support a jury verdict. White v. Pence, 961 F.2d 776, 779 (8th Cir. 1992). In order to sustain a motion for judgment as a matter of law, "all the evidence must point in one way and be susceptible of no reasonable inference sustaining the position of the nonmoving party." Id. When considering such a motion, this Court must:

> (1) resolve direct factual conflicts in favor of the nonmovant, (2) assume as true all facts supporting the nonmovant which the evidence tended to prove, (3) give the nonmovant the benefit of all reasonable inferences, and (4) deny the motion if the evidence so viewed would allow reasonable jurors to differ as to the conclusions that could be drawn.

Id. (citing Dace v. ACF Industries, Inc., 722 F.2d 374 (8th Cir. 1983). A trial court does not err if it denies a motion if there is substantial evidence—more than a mere scintilla—to support a verdict in favor of the nonmoving party. City National Bank of Fort Smith v. Unique Structures, Inc., 929 F.2d 1308, 1312 (8th Cir. 1991).

In a motion for a new trial, the question is whether the verdict is against the weight of the evidence such that the first trial resulted in a "miscarriage of justice."

Shaffer v. Wilkes, 65 F.3d 115, 117 (8th Cir. 1995) (citing White, 961 F.2d at 780)).

> In determining whether a verdict is against the weight of the evidence, the trial court can rely on its own reading of the evidence—it can weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict.

White, 961 F.2d at 780 (quoting Ryan v. McDonough Power Equipment, 734 F.2d 385, 387 (8th Cir. 1992)).

### B. Whether Plaintiff's Liberty Interest Claim was Properly Raised

The City contends that Plaintiff should not have been allowed to present a liberty interest claim to the jury because it was not asserted in the Complaint. It argues that the only claim asserted in the Complaint was a claim of a violation of procedural Due Process.

This issue, however, has been raised and resolved prior to trial when this Court denied the City's Motion in Limine on this issue. The Court found that the Complaint asserted a Due Process claim which encompasses both a property and liberty interest. See Winegar v. Des Moines Independent Community School District, 20 F.3d 895, 899 (8th Cir. 1994). Furthermore, the name-clearing hearing argument was noted in the Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment.

### C. Whether the Verdict is Supported by the Evidence

#### 1. Whether Plaintiff Was Entitled to a Name-Clearing Hearing

### a. Whether Plaintiff, as an At-Will Employee, Had a Liberty Interest

The City argues that under Eighth Circuit law, a public employee has no property or liberty interest in employment if his employment is at-will. It relies on Brunson v. Morgan, 2 Fed. Appx. 684, 685 (8th Cir. 2001), a one paragraph, unpublished decision which held that "as an at-will employee, plaintiff did not have a liberty or property interest in his employment and thus could not state a section 1983 claim against defendants."

More recent Eighth Circuit opinions, however, make it clear that a public employee's right to a name-clearing hearing is independent from an employee's at-will status. The Eighth Circuit has held that, while an at-will employee generally does not have a protected liberty interest in continued employment which would obligate an employer to provide a hearing in connection with the employee's discharge, "*[a]n exception exists . . . in cases where an employee is terminated in connection with publicized allegations of illegal or improper conduct.*" Hammer v. City of Osage Beach, Missouri, 318 F.3d 832, 839 (8th Cir. 2002) (emphasis added) (citing Speer v. City of Wynne, 276 F.3d 980, 984 (8th Cir. 2002)).

The Supreme Court held that a public employee has a liberty interest in his or her good name and reputation, which is entitled to protection when he is fired based on allegations of dishonesty, immorality, or illegality. Board of Regents v. Roth, 408 U.S. 564, 573 (1972). In order to establish the deprivation of a liberty interest under

4

Eighth Circuit law, a public employee must make a three-part showing:

> (1) the public employer's reasons for the discharge stigmatized the employee by seriously damaging his standing and association in the community or by foreclosing employment opportunities that may otherwise have been available;
>
> (2) the public employer made the reason or reasons for the discharge public; and
>
> (3) the employee denied the charges that led to the employees firing.

Speer, 276 F.3d at 984; Coleman v. Reed, 147 F.3d 751, 754-55 (8th Cir. 1998); Hammer, 318 F.3d at 839-40. Where this showing has been made, the employee must be provided with adequate notice and an opportunity to dispute the charges in a name-clearing hearing. Hammer, 318 F.3d at 840 (citing Codd v. Velger, 429 U.S. 624, 627-28 (1977)).

In sum, the City's argument that Plaintiff's status as an at-will employee precludes a liberty interest claim is contrary to Eighth Circuit law.

> **b.    Whether the Criticism About Plaintiff's Performance Implicated a Liberty Interest**
>
> **(1)   Whether the Statements Damaged Plaintiff's Reputation in a Manner That Foreclosed Future Job Opportunities**

The City contends that the jury's finding of a liberty interest violation was against the weight of the evidence and contrary to law because there was no evidence to establish that the charges made against him at the City Council meeting damaged his reputation in a manner that foreclosed future job opportunities. The

City relies on <u>Green v. St. Lois Housing Authority</u>, 911 F.2d 65, 69 (8th Cir. 1990), for the proposition that a public employee is deprived of his liberty interest in connection with a discharge only when it occurs under circumstances which impose upon the employee a stigma or other disability foreclosing his freedom to take advantage of other employment opportunities.  <u>Green</u> also states that the charges made must injure the employee's good name, reputation, honor or integrity.  <u>Id.</u> (citing <u>Doe v. United States Department of Justice</u>, 753 F.2d 1092, 1105, 1111 (D.C. 1985)).

The City also maintains that merely falsely charging an employee with unsatisfactory job performance when terminating him does not infringe on his liberty interest.  <u>Green</u>, 911 F.2d at 69. (citations omitted).  It also relies on a dissenting opinion in <u>Melton v. City of Oklahoma City</u>, 928 F.2d 920, 932-933 (10 th Cir. 1991), which stated that:

> Charges are not stigmatizing enough to rise to a constitutionally protected liberty interest unless they involve allegations of dishonesty, immorality, or unprofessional or illegal conduct of the type that would be expected to seriously diminish employment opportunities.  Charges of poor job performance, negligence, tardiness, or even insubordination, would not rise to the level of a violation of a protected liberty interest.

<u>Id.</u> (citing <u>Roth</u>, 408 U.S. at 573).

The City argues that Plaintiff testified that the stigmatization consisted essentially of criticisms of his performance, primarily his visibility.  It states that Plaintiff testified that the most serious accusation was that he was not working all the

hours he claimed to be working, suggesting to him that he was "cheating" the City. The City also argues that although City Council members testified that the criticism "stigmatized" the Plaintiff, they did not testify that the charges actually damaged his reputation so as to preclude future employment.

The City claims that in order to establish a liberty interest violation, Plaintiff had to do more than show damage to his reputation. It argues that he was required to prove that the charges against him were so seriously damaging to his reputation so as to impair future employment opportunities. Since the City claims Plaintiff identified no such evidence, and in fact obtained employment within six months of his termination, the jury verdict should not stand.

The Plaintiff, on the other hand, contends that the statements made at the City Council meeting were the types of accusations that give rise to a name-clearing hearing. He claims that the statements went far beyond a fair-minded analysis of job performance and were personal attacks on his integrity. He points to the testimony which referred to the accusations as a "bashing" and the councilors' testimony that the statements were harsh attacks of a personal nature, and that they were the type that would harm one's reputation.

Plaintiff also contends that the City's reliance on the dissenting opinion in Melton, describing the type of assertions that trigger a name-clearing hearing, actually supports his position. He argues that the accusations directed toward

Plaintiff constitute dishonesty and implied unprofessional or illegal conduct on his part, by asserting that he took too much vacation and maintained inaccurate time records.

Furthermore, Plaintiff argues that it is not necessary that the stigmatizing statement actually prevent Plaintiff from obtaining future employment. Rather, it is sufficient that the statements were of the type that "would be expected to seriously diminish employment opportunities." Melton, 928 F.2d at 933 (emphasis added). However, even if actual foreclosure of employment was necessary, Plaintiff claims that the implication that he fabricated time records was damaging to his future employment prospects because his career depends on honesty and integrity. Plaintiff further argues that he testified that because of the notoriety thrust upon him, he became depressed, reclusive, and was foreclosed, as a practical matter from seeking law enforcement work in the area.

While Green does suggest that actual foreclosure of future employment is necessary, the three-part test forth by the Eighth Circuit in a number of cased decided after Green does not expressly set forth such a requirement. As previously discussed, the first element necessary to establish a public employee's entitlement to a name-clearing hearing is "[t]he public employer's reasons for the discharge stigmatized the employee by seriously damaging his standing and association in the community *or* by foreclosing employment opportunities that may otherwise have

been available." See, e.g., Gibson v. Caruthersville School District, 336 F.3d 768, 773 (8th Cir. 2003) (emphasis added); Speer, 276 F.3d at 984; Hammer, 318 F.3d at 839-40. The language used in these cases suggests that a statement must be sufficiently stigmatizing as evidenced by *either* seriously damaging the employee's reputation in the community *or* by foreclosing employment.

The Tenth Circuit case relied upon by the City also does not support the proposition that actual foreclosure of job opportunities is required to establish a right to a name-clearing hearing. In Melton, the court held that a jury instruction which allowed the jury to find that plaintiff was entitled to a name-clearing hearing on the grounds that he was foreclosed from future employment opportunities, without also finding that he had been stigmatized, was erroneous. Melton, 928 F.2d at 927. The majority opinion stated that "[t]he employee does not have to prove *actual* denial of a job opportunity. It is sufficient that a plaintiff prove termination based upon a publicized false charge of sufficient opprobrium that would make the plaintiff an unlikely candidate for employment by a future employer." Id. n.11 (citing Green, 911 F.2d at 69).

Furthermore, the dissenting opinion, which the City cites, attempts to clarify the majority opinion:

> [T]he [majority] opinion does not hold that the terminated employee must prove both stigmatization and foreclosure of future employment. . . . "[S]tigmatization" sufficient to warrant recovery occurs when a charge might "seriously" damage the discharged employee's community

> standing and associations-e.g., dishonesty or immorality. . . . While <u>Roth</u> also mentions charges that put the employee's "good name, reputation, honor, or integrity" at stake, clearly it is speaking in terms of a high level of stigma that might affect future employment opportunities.

<u>Melton</u>, 928 F.2d at 932 (Logan, McKay and Seymour, dissenting) (citations omitted).

In sum, case law decided after <u>Green</u> indicates that it is not necessary that the Plaintiff prove he was actually foreclosed from employment opportunities in order to establish his entitlement to a name-clearing hearing. In this case, the jury's finding of a liberty interest was not against the weight of the evidence or contrary to law. This Court finds that based on the testimony, there was sufficient evidence for the jury to conclude that Plaintiff was seriously stigmatized and that the stigma rose to the level necessary for a liberty interest violation as set forth by the Eighth Circuit.

### (2) Whether Plaintiff Was Terminated For Performance Reasons

The City also maintains that Plaintiff's liberty interest was not implicated because he lost his job because the City eliminated the police department and not because of any performance reasons. It argues that only in cases where a person's good name, reputation, honor, or integrity is at stake *because of what the government is doing to him*, are notice and an opportunity to be heard essential. <u>Roth</u>, 408 U.S. at 573.

The City argues that in this case, the stigmatizing statements were not asserted

as the reasons for the Plaintiff's termination. It claims the greater weight of the evidence establishes that Plaintiff was terminated because of the City's decision to eliminate the police department, and not because of stigmatizing charges against him.

Conversely, Plaintiff argues that the only reasons given for abolishing the police department and terminating Plaintiff were improper performance, including excessive use of vacation time, excessive days off for holidays, and alleged fabrication of time records to indicate that he was working when he actually was not. He claims that none of the City Council minutes or documents reflect any discussion of cost considerations as a reason for eliminating the police department, and that the absence of any such discussion was testified to by Winskowski, Winskowski's wife, Trooper Znaida, and most or all of the City Council members.

Furthermore, Plaintiff points to the approval by the City Council of a budget for the police department for the upcoming year, including Plaintiff's salary, less than an hour before it decided to abolish the police department. He contends this is the "ultimate evidence" that the accusations of improprieties were the reason for his termination.

This Court finds that there was sufficient evidence for the Jury to conclude that Plaintiff's termination was tied to the stigmatizing accusations against him such that the City cannot meet the standard for judgment as a matter of law or for a new

trial.

> **(3) Whether Plaintiff Had to Raise a Jury Question as to Whether the Stigmatizing Statements Were False**

The City also argues that Plaintiff was not entitled to a name-clearing hearing because he did not demonstrate any facts that raised a jury question as to whether the alleged stigmatizing statements were false. It relies on Seal v. Pryor, 670 F.2d 96, 99 (8th Cir. 1982) for the proposition that a public employee must prove that the stigmatizing information was false.

The Eighth Circuit's statement in Seal, relied upon by the City, cites the United States Supreme Court decision in Codd v. Velger, 429 U.S. 624, 628 (1977). In both Seal and Codd, however, the Plaintiff employee did not contest the truth of the underlying stigmatizing statements. The Supreme Court in Codd stated: "If [plaintiff] does not challenge the substantial truth of the material in question, no hearing would afford a promise of achieving that result for him . . . ." Codd, 429 U.S. at 627-28.

This statement is consistent with more recent Eighth Circuit decisions, which clarify that the plaintiff must only deny the substantial truth of such charges. See, e.g., Hogue, 791 F.2d at 1322 n.4; Coleman v. Reed, 147 F.3d 751, 755 (8th Cir. 1998); Speer, 276 F.3d 980, 984 (8th Cir. 2002). Therefore, the City's argument that the jury's verdict was contrary to evidence, on the ground that Plaintiff failed to raise

a jury question on whether the stigmatizing statements were false, is inconsistent with the Eighth Circuit's standard for a name-clearing hearing.

### (2)   Whether Plaintiff Received a Name-Clearing Hearing

The City claims that the evidence did not support the jury's conclusion that Plaintiff was denied a name-clearing hearing. The City's Employee Work Rules provided that an employee "may request a confidential grievance hearing with the City Council to air any grievance." The City claims that after the stigmatizing statements were made, Plaintiff requested a grievance hearing, which was held a week later at the next City Council meeting, at which the City claims Plaintiff addressed the criticisms regarding his performance.

The City acknowledges that a public employee has the right to a name-clearing hearing at a meaningful time if his termination is accompanied by publication of stigmatizing reasons for his termination that might impair future employment opportunities. In Cleveland Board of Education v. Loudermill, 470 U.S. 532, 542 (1985), the Supreme Court held that deprivation of liberty must be preceded by notice and an opportunity for a hearing appropriate to the nature of the case.

The City argues that Plaintiff was provided a pre-termination hearing that was sufficient under Loudermill to protect his liberty interest, in that Plaintiff was given notice and an opportunity to be heard in response to the allegedly stigmatizing reasons for his termination. See Roth, 408 U.S. at 573 (holding that in a case where

the University employee's liberty interest was implicated because he was denied re-employment based on the University's publication of serious charges, "due process accords an opportunity to refute the charge before University officials.").

The City claims it was improper for the Plaintiff's counsel to tell the jury that a name-clearing hearing must be held in public. It claims no reasonable jury could have found that Plaintiff did not receive a constitutionally sufficient name-clearing hearing when he met in private with the City Council to address the criticisms of his performance.

Plaintiff claims he was not afforded any "meaningful" pre-termination opportunity to vindicate his name. He notes that stigmatizing statements were made against him in public, at open City Council meetings and circulated throughout the small community. The following week, Plaintiff addressed the Council members in a confidential session. Plaintiff claims that in this confidential session, he described his job duties, but did not respond specifically to the accusations against him, which he claims was not the purpose of the meeting.

The meeting with the City Council members was held in private. Because the purpose of a "name-clearing" hearing is to allow an employee to vindicate his reputation, Plaintiff argues that when the accusations are made in public, an individual can hardly remove that stain by addressing his accusers in private.

There does not appear to be any case law that directly addresses the question

14

of whether or not name-clearing hearings must be held in public.  However, a number of cases imply that a public hearing is required.

As the City recognized, the <u>Roth</u> opinion notes that a University employee whose liberty interest was violated should be given an opportunity to refute the charges "before University officials." <u>Roth</u>, 408 U.S. at 573.  While this statement does not clarify whether such a meeting could actually be held in private, a later United States Supreme Court decision interpreting <u>Roth</u> suggests otherwise.

In <u>Owen v. City of Independence, Missouri</u>, 445 U.S. 622, 633 n.13 (1980), the Supreme Court stated,

> In <u>Board of Regents v. Roth</u>, 408 U.S. 564, 573, 92 S.Ct. 2701, 2707, 33 L.Ed.2d 548 (1972), we explained that the dismissal of a government employee accompanied by a "charge against him that might seriously damage his standing and association in his community" would qualify as something "the government is doing to him," so as to trigger the due process right to a hearing at which the employee could refute the charges and *publicly clear his name*.

<u>Id.</u> (emphasis added); <u>see also</u> <u>Ratliff v. City of Milwaukee</u>, 795 F.2d 612, 625-27 (7th Cir. 1986) ("[I]f such charges were published, Ratliff had a due process right to a hearing at which she could attempt to refute the charges and publicly clear her name."); <u>Whitney v. Board of Regents of University of Wisconsin</u>, 335 F. Supp. 321, 324 (E.D. Wis. 1973) (holding that the "appropriate remedy" for the failure to provide a name-clearing hearing "is not to reinstate plaintiff but merely to provide him with an effective opportunity to refute the charges *publicly* and, if possible, to

grant him any damages which he can show arose from the original denial of that opportunity") (emphasis added).  These decisions suggest that a name-clearing hearing may be insufficient to meet due process if it were not held in public.

The jury's determination that the City failed to satisfy Plaintiff's right to a name-clearing hearing was supported by the evidence and was not contrary to law. Therefore, neither judgment as a matter of law nor a new trial is warranted based on this issue.

### (3) Whether Plaintiff's Denial of a Name-Clearing Hearing Caused Compensable Damages to the Plaintiff

The City's final argument is that the evidence did not support the jury's determination that the denial of a name-clearing hearing caused compensable harm to the Plaintiff.  The City relies on Carey v. Phiphus, 435 U.S. 247, 259-64 (1978).

The City argues that, while Plaintiff testified that he was depressed about being terminated, he did not testify that he suffered any economic loss or emotional distress as a result of being denied a name-clearing hearing.  The City contends that even if Plaintiff was entitled to a name-clearing hearing, he was not entitled to damages related to his loss of employment, but only those damages, if any, that were directly caused by the denial of the process itself.  Carey, 435 U.S. at 265.

The City further argues that because Plaintiff was found to be an at-will employee with no right to continued employment, the residual right to the retention of one's good name is not enough in itself to trigger more than an award of nominal

damages. Skeets v. Johnson, 805 F.2d 767, 774 (8th Cir. 1986). It is the loss to the Plaintiff's reputation that is compensated, not the loss of employment. Id. (citing Hogue, 791 F.2d at 1328).

In response, the Plaintiff argues that he offered substantial evidence of actual economic loss from the termination in employment and the obloquy that accompanied the termination. He argues that he also established that he suffered significant emotional distress as a result of the accusations made against him. Thus, he contends that the $125,001 in damages awarded by the jury was not implausible or exorbitant.

Plaintiff further argues that the damages in a name-clearing case are necessarily subjective and depend on the circumstances of each case. He notes that the Eighth Circuit, in Hogue, 791 F.2d at 1323, held that in a name-clearing case, "[a]ctual damages such as backpay . . . will be awarded" if the plaintiff "can prove actual injury." Plaintiff also argues that a claimant may be entitled to damages for "mental and emotional distress" for liberty or property interest violations. See, e.g., Bishop v. Tice, 622 F.2d 349, 357 (8th Cir. 1980). Furthermore, it points to Karr v. Townsend, 606 F. Supp. 1121, 1127 (W.D. Ark. 1985), which recognized that even though an employee is at-will, there are situations where a pre-termination "name-clearing" hearing, if given, could result in preventing or reversing a decision to discharge the employee.

The case law makes clear that while the City correctly cites Carey for the proposition that any damages awarded to the Plaintiff must directly flow from the deprivation of due process, the Plaintiff is not limited to nominal damages, as long as he can prove actual injury.  See, e.g., Skeets, 805 F.2d at 774 (holding that, under Carey, an employee alleging that a discharge resulted in a deprivation of liberty could only recover nominal damages unless it could be shown that a pretermination hearing would have changed the result or that the plaintiff could demonstrate actual damages such as emotional distress); Brewer v. Chauvin, 938 F.2d 860, 864 (8th Cir. 1991) (recognizing that other damages caused by the denial of procedural due process such as mental or emotional distress may be recovered) (citing Carey, 435 U.S. at 263-64)).

This Court finds that there was sufficient evidence to have led the jury to its conclusion.  The jury could have relied on the testimony regarding the harm to Plaintiff's reputation and his emotional distress and based the entire award of damages on these items or it could have determined that Plaintiff would not have been terminated had he been provided with a name-clearing hearing.

The City also briefly raises the issue that as an alternative to judgment as a matter of law or a new trial, it should be entitled to remittitur.  It claims Minnesota case law supports remittitur when "[e]xcessive or insufficient damages [appear] to have been given under the influence of passion or prejudice . . . ." Minn. R. Civ. P.

59.01(e); <u>Jangula v. Klocek</u>, 170 N.W.2d 587, 594 (1969).

Plaintiff argues that the amount awarded is not excessive such that remittitur is warranted on the grounds of "passion or prejudice" of the jury, because substantial damages are allowable when reputation is besmirched.  <u>See, e.g.</u>, <u>LeDoux v. Northwest Publishing, Inc.</u>, 521 N.W.2d 59 (Minn. Ct. App. 1994) (upholding jury award of non-economic damage of $676,000 for harm to reputation in defamation action); <u>Keenan v. Computer Associates International, Inc.</u>, 13 F.3d 1266 (Minn. 1994) (affirming jury award of $100,000 in defamation action).

This Court agrees that remittitur is not appropriate in this case, as the damages are not excessive, nor do they appear to have been awarded under the influence of "passion or prejudice."

**IT IS HEREBY ORDERED** that:

1. Defendant City of Stephen's Motion for Judgment as a Matter of Law, or in the Alternative, For a New Trial [Docket No. 61] is **DENIED**.


Dated: May 10, 2005                                s/ Michael J. Davis
                                                   Judge Michael J. Davis
                                                   United States District Court